UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMERON M., <br> Plaintiff, <br> v. <br> SSA COMMISSIONER, <br> Defendant. | Case No. 3:25-cv-01352-JSC <br><br> **ORDER RE: SOCIAL SECURITY APPEAL** <br><br> Re: Dkt. Nos. 20, 25 |

Plaintiff seeks social security benefits for a combination of physical and mental impairments including hand, back, and knee pain, as well as depressive disorder with psychotic symptoms, anxiety disorder, borderline intellectual functioning, and posttraumatic stress disorder. (Administrative Record ("AR") 21, 166.) Pursuant to 42 U.S.C. § 405(g), Plaintiff filed this lawsuit for judicial review of the final decision by the Commissioner of Social Security finding him disabled as of May 25, 2021. Plaintiff contends the Administrative Law Judge ("ALJ") erred as to his disability onset date and it should be June 14, 2019. After careful consideration of the parties' briefing, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), REVERSES the ALJ's decision and REMANDS for an award of benefits.

**BACKGROUND**

Pursuant to the Social Security Act, Plaintiff filed applications under Title II and XVI seeking disability and disability insurance benefits, as well as supplemental security income alleging a disability onset date of June 14, 2019. (AR 17.) The applications were denied initially and on reconsideration. (AR 17.) Plaintiff submitted a timely request for a hearing before an Administrative Law Judge (ALJ). (AR 368.) A hearing was held on February 13, 2024, where Plaintiff and a vocational expert testified. (AR 41-77.) On March 19, 2024, the ALJ issued a

decision finding Plaintiff disabled within the meaning of the Social Security Act as of May 25, 2021.[1] (AR 17-31.)

Plaintiff filed a timely request for review with the Appeals Council, which the Appeals Council denied. (AR 1-3.) Plaintiff thereafter filed the underlying action. In accordance with Civil Local Rule 16-5, the parties filed cross briefs on appeal. (Dkt. Nos. 20, 25.[2])

**DISCUSSION**

Plaintiff was born pre-term and suffered in-utero exposure to gluco-corticoids. (AR 731-733.) Plaintiff received child social security disability benefits from age 11 through 18 when redetermination terminated his benefits. (AR 167, 183.) In considering the underlying application, the ALJ held Plaintiff had not engaged in substantial gainful employment since his alleged disability onset date of June 14, 2019, and as of that date, he had the following severe impairments: depressive disorder with psychotic symptoms, anxiety disorder, borderline intellectual functioning, posttraumatic stress disorder. (AR 21.) The ALJ found Plaintiff disabled, but assigned him a disability onset date of May 25, 2021. (AR 23-27.) The Commissioner does not dispute Plaintiff's arguments as to the errors in the ALJ's decision. (Dkt. No. 25 at 2 ("The Commissioner agrees with Plaintiff that the final decision contained legal errors.").) Rather, the sole issue before the Court is whether to remand for further proceedings or for an award of benefits.

When courts reverse an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (internal citations omitted). A three-step rule, known as the credit-as-true rule, guides the court's decision as to whether to remand for an award of benefits. *Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023). First, the court "ask[s] whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* (cleaned up). Second, the court "determine[s] whether the

---

[1] Plaintiff had previously applied for and been denied social security benefits, but the ALJ found changed circumstances warranted reconsideration of the prior findings. (AR 18.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Id.* (cleaned up).  Third, "if no outstanding issues remain and further proceedings would not be useful, only then do we have discretion to find the relevant testimony credible as a matter of law." *Id*. (cleaned up).  Even when all three steps are met, the court retains jurisdiction as to whether to remand.  *Id*.

The Commissioner concedes the first step is satisfied because the ALJ erred in her evaluation of the medical opinion evidence.  (Dkt. No. 25 at 4.)  While the ALJ found the opinions of Nurse Practitioner Farooq Azam and treating therapists Ann Sussman and Joann B. Wojick persuasive, she did not address their opinions regarding Plaintiff's onset date.  Nurse Practitioner Farooq Azam assessed Plaintiff with an onset date of 2011 (AR 3450), and the treating therapists identified "childhood" as the onset date (AR 3408). The Commissioner also concedes the ALJ erred in rejecting Plaintiff's subjective symptom testimony because he received limited treatment from November 2019 until May 2021.  (Dkt. No. 25 at 4-5 ("The Commissioner recognizes that the nation was in the thralls of the Covid-19 pandemic from end-2019 through mid-2021. Limited treatment during this period was not unreasonable for reasons beyond Plaintiff's control.").)

At the second step, the Commissioner insists notwithstanding the above errors, additional proceedings are necessary so the ALJ can "give further consideration of Plaintiff's subjective complaints and further evaluate the opinion evidence in accordance with the regulations." (Dkt. No. 25 at 3.)  The Commissioner does not identify any unresolved issues or ways in which the record must be further developed; rather, he seeks a chance to try again.  "[O]ur precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a 'useful purpose.'" *Garrison v. Colvin*, 759 F.3d 995, 1021–22 (9th Cir. 2014) (citing *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for

remand and further proceedings to establish his credibility." (citation omitted)).

At the third step, the court asks whether "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d 1020. The answer here is yes. First, the ALJ's disability onset date was arbitrary. The ALJ set the date of disability onset based on the fact Plaintiff "returned to mental health treatment after a length [sic] hiatus" on May 25, 2021. (AR 26 (citing B-12F/185 (AR 1271)).) However, the Commissioner concedes the ALJ erred in faulting Plaintiff for not seeking treatment during the Covid pandemic; that is, between 2019 and 2021. There is thus no basis—let alone substantial evidence—for finding this date, as opposed to the date Plaintiff identified (June 14, 2019), was his disability onset date. *See Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021) ("Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").

Second, the medical opinion evidence which the ALJ credited and found persuasive supports the earlier disability onset date. Indeed, Nurse Practitioner Farooque Azam found Plaintiff had marked to extreme limitation in nearly all areas of functioning and assigned a disability onset date of "2011 (patient's first psych hospitalization at John George Hospital, age 18)." (AR 3450.) Likewise, Plaintiff's therapist Ann Sussman opined Plaintiff had marked to extreme limitation in nearly all areas of functioning and assigned a disability onset date of "childhood." (AR 3034, 3408.) The ALJ found Mr. Azam's and Ms. Sussman's opinions "persuasive," "well supported" and consistent with Dr. Wiebe and Dr. Caitlan's opinions. (AR 28.) Thus, if Mr. Azam's and Ms. Sussman's opinions were credited as true, substantial evidence supports Plaintiff's alleged disability onset date of June 14, 2019.

The Commissioner's contention that an earlier onset date is not supported because Dr. Wiebe and Dr. Caitlan did not opine as to his disability onset date, is again, a request for a do over. Dr. Wiebe and Dr. Caitlan were not treating providers like Mr. Asam and Ms. Sussman, and instead, only evaluated him for purposes of his social security applications. (AR 1070, 3388.) Their lack of an opinion as to an onset date is not support for rejecting the consistent and well-supported opinions as to the onset date. And, that the ALJ ignored Mr. Asam's and Ms.

4

Sussman's opinions as to the disability onset date when setting May 25, 2021 as the date, it not a reason to remand. Rather, "there is no 'serious doubt' based on 'an evaluation of the record as a whole' that [Plaintiff] [wa]s, in fact, disabled [as of June 14, 2019], given h[is] severe impairments" and thus, the requirements of the credit-as-true rule are satisfied. *Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d 1020).

Accordingly, the Court exercises its discretion to remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017) ("The decision whether to remand a case for additional evidence, or simply to award benefits, is within the discretion of the court.") (cleaned up).

## CONCLUSION

For the reasons stated above, the Court REVERSES the Commissioner's decision and REMANDS for an award of benefits.

This Order disposes of Docket Nos. 20, 25.

**IT IS SO ORDERED.**

Dated: December 12, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

5